UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A CORP. DBA ROOTER MAN | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| JOANNE ZHANG & DING HUG SANG | ) CIVIL ACTION NO. |
| DBA EFFICIENT SEWER & DRAIN | ) |
| CLEANING, INC. | ) |
| | ) |
| Defendants | ) |
| | ) |

## **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND DEMAND FOR JURY TRIAL**

### INTRODUCTION

This suit is brought by Plaintiff A Corp. d/b/a Rooter Man ("A Corp."), the franchisor of the Rooter Man franchises, against Defendants Joanne Zhang & Ding Hug Sang d/b/a Efficient Sewer & Drain Cleaning Inc. (the "Defendants") for willful federal trademark infringement, false designations of origin, dilution of A Corp.'s famous federal trademark, breach of the Franchise Agreement, interference with contractual relation, conversion, unjust enrichment, and breach of covenant of good faith and fair dealing. Without A Corp.'s authorization, Defendants used A Corp.'s federally registered Rooter Man and Sewer Man trademarks and/or logo in association with their plumbing related business services and refused to discontinue the unauthorized use after A Corp.'s cease and desist demands. Defendants failed to comply with the Franchise Agreement and continued doing business using A Corp.'s brand and trademarks subsequent to the termination of the Franchise Agreement.

1

## PARTIES

1. A Corp. is a corporation, duly organized under laws of the Commonwealth of Massachusetts, with its principal place of business at 268 Rangeway Road, N. Billerica, Massachusetts.

2. Defendants Joanne Zhang & Ding Hug Sang d/b/a Efficient Sewer & Drain Cleaning, Inc. are individuals residing at 1 Farragut Place, Amityville, New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present dispute under 28 U.S.C. §§ 1338(a) & (b).[1] In addition, subject matter jurisdiction is satisfied based on diversity jurisdiction under 28 U.S.C. § 1332 (a)

4. This Court may exercise personal jurisdiction over Defendants pursuant to the Franchise Agreement §19.6, executed by Defendants and A Corp. on or about May 15, 2012.

5. Defendants established sufficient contact with the Commonwealth of Massachusetts that personal jurisdiction over Defendants is appropriate under the Massachusetts Long-arm statute and Constitutional Due Process.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and the Franchise Agreement §19.6.

## FACTS RELEVANT TO ALL COUNTS

7. In 1970s, A Corp.'s affiliate Sewer Man Inc. started to use the Sewer Man name and trademark in association with plumbing, sewer, and drain cleaning services in Massachusetts and New Hampshire.

---

[1] 28 U.S.C.§ 1338(a) states that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to…trademarks;" 28 U.S.C.§ 1338(b) provides that "the district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under…trademark laws."

8. In or around 1980, A Corp.'s affiliate, Rooter Man Corp., started to use the name of Rooter Man and A Rooter Man to operate sewer and drain cleaning services in Massachusetts and the surrounding states.

9. In or around January 1981, Rooter Man Corp. designed and adopted the logo for the name of Rooter Man, and started to offer Rooter Man franchises that provided plumbing, sewer, and drain cleaning services in Massachusetts and interstate commerce.

10. In or around July 1981, Rooter Man Corp. registered the Rooter Man name/mark with the Secretary of the Commonwealth of Massachusetts, and incorporated on or about January 1, 1982.

11. A Corp. was incorporated under the A Corp. name on or about March 3, 1982 to facilitate Rooter Man Corp. in its sales of the Rooter Man franchises.

12. In 1990, Rooter Man Corp. assigned all of its rights in the Rooter Man name/mark together with its Rooter Man franchise business to Plaintiff, A Corp.

13. A Corp.'s Rooter Man franchise has consistently advertised for plumbing, sewer and drain cleaning services in major yellow page directories, such as NYNEX, currently known as Verizon yellow pages, which covered New England areas including Massachusetts and beyond.

14. Through its active use of the Rooter Man mark through the United States and worldwide, the Rooter Man name/mark has become distinctively identified in the trade with A Corp. and, in particular, with its growing reputation for plumbing, sewer, and drain cleaning services that its franchisees provide. To date, A Corp. has approximately eighty nine (89) franchisees operating four hundred and sixty nine (469) locations in thirty seven (37) states and also in two (2) foreign countries forty five (45) units being operated within Canada and Bermuda.

15. A Corp. obtained registration of the Rooter Man mark with the United States Patent and Trademark Office on the principal registration on September 3, 1991 (Reg. No. 1,655,782).

16. A Corp. obtained registration of the Sewer Man mark with the United States Patent and Trademark Office on the principal registration on November 30, 1982 (Reg. No. 1218615) and re-registered the mark on January 30, 1990 (Reg. No. 1580576) and on January 18, 2000 (Reg. No. 2308796).

17. A Corp.'s use of the Rooter Man name/mark and Sewer Man trademark has never been abandoned or revoked.

18. A Corp. also obtained and has maintained Rooter Man trademark registration in the State of New York since December 8, 2009.

19. On or about May 15, 2012, Defendants entered into a Franchise Agreement with A Corp. and purchased the rights to use the Rooter Man brand name and concept in certain areas in the County of Queens and Kings in the State of New York (the "Franchise Agreement"), which would expire on May 15, 2017.

20. Under sections 1.9 and 1.10 of the Franchise Agreement, Defendants needed to make payment of $330.0 each month as the continuing royalty to A Corp. and $45.00 per month for the marketing fund contribution.

21. The Franchise Agreement disclosed A Corp.'s ownership of the Rooter Man and Sewer Man trademarks.

22. On or about March 19, 2015, A Corp. notified Defendants of their default for failure to make payment dues under the Franchise Agreement in the accumulated amount of $2,741.13, and demanded for cure of the default within 30 days from the notice.

23. The Defendants subsequently contacted A Corp. and requested a voluntary termination of the Franchise Agreement.

24. When A Corp. was considering Defendants' request of voluntary termination, A Corp. discovered that on or about May 3, 2013, Defendants formed AAA ROOTERMAN LLC with its principal business place at 1 Farragut Place, Amityville, NY 11701.

25. The Franchise Agreement § 8.2 expressly prohibits Defendants from using A Corp.'s trademarks or any similar names in their corporate name.

26. The Franchise Agreement § 16B requires that upon termination of the franchise agreements, the franchisees must cease the use of A Corp.'s trademarks, logos, designs in their advertisements.

27. On April 10, 2015, A Corp. sent Defendants a letter approving their request of voluntary termination of the Franchise Agreement and as conditions to A Corp.'s approval, A Corp. demanded that Defendants must stop holding themselves out as Rooter Man and must file documents necessary to change the name of AAA Rooter Man LLC by removing the Rooter Man wording.

28. Defendant Joanne Zhang then called A Corp.'s counsel alleging that Defendants should have the right to keep using the Rooter Man name/mark, and A Corp.'s counsel explained to Defendant Zhang that Defendants' right to use the Rooter Man name/mark concluded when their Franchise Agreement was terminated.

29. Defendants' former licensed territory was sold to the current Rooter Man franchisee, S&E Sewer and Drain Corp.

30. Defendants continued using the Rooter Man trademark and logo in their advertisements regardless of A Corp.'s demand to discontinue.

31. On January 6, 2016, Defendant Joanne Zhang forwarded A Corp. a letter, drafted by Michael L. Huang, CPA, alleging that the AAA Rooter Man LLC could not be dissolved because of some New York tax purposes.

32. Mr. MacDonald, the President of A Corp., called Defendants on behalf of A Corp. and made further demand that they must cease and desist the unauthorized use of the Rooter Man trademark and logo in their advertisements and remove Rooter Man wording from their company's name.

33. During the search and review of Defendants' unauthorized Rooter Man advertisements, it was discovered that Defendants incorporated another company, Rooter-Man of NYC, Inc. on or about May 15, 2012, the same day of the Franchise Agreement.

34. Defendants' Rooter-Man of NYC, Inc. advertisement uses the Rooter Man marks a contact phone number (718) 216-7327, the same telephone number that they used to have as their Rooter Man franchise contact number.

35. On January 7, 2016, Mr. MacDonald talked with Defendants over the phone and sent them a faxed letter demanding that they must stop the violation of A Corp.'s Rooter Man trademark.

36. To date, AAA ROOTER MAN LLC and Rooter Man of NYC, Inc.'s corporate statuses are still active and Defendants' unauthorized Rooter Man advertisements are still active locally and over the internet.

37. Defendants' advertisements hold themselves as "Rooter-Man of Queens, NY" providing plumbing and drain cleaning services in all of Queens, Brooklyn, Manhattan and surrounding communities.

38. Defendants' advertisements post a website link, www.rooterman.com/queens, which leads to the webpage contained in A Corp.'s official Rooter Man website for A Corp.s' current Rooter Man franchisee in Queen of New York.

39. Subsequent to the January 7, 2016 communication, A Corp. discovered an advertisement for "AAA Sewerman Inc.," which has Defendants' former Rooter Man telephone number (718) 216-7327 and a website link of rooterman.com leading to A Corp.'s official Rooter Man website.

40. A further search of the "AAA Sewerman Inc." revealed that Defendants incorporated AAA Sewerman Inc. in the State of New York on May 4, 2015, which is still active to date.

41. A Corp. received complaint of Defendants' unauthorized use of the Rooter Man trademark and logo in the market place that would cause confusion to the customers.

42. When the current Rooter Man franchise in Queen of New York contacted Defendants, Defendants alleged that the current Rooter Man franchise did not have the right to use the Rooter Man trademarks in Queen of New York.

43. Pursuant to the Franchise Agreement §19.7, Defendants agreed to pay A Corp. reasonable attorney fees, cost and expenses incurred in connection with the legal action by A Corp. to enforce its rights under the Franchise Agreement.

### COUNT I
### (Federal Trademark Infringement of the Rooter Man Trademark)

44. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-43.

45. Since at least 1981, A Corp. has continuously and in good faith used in commerce within the United States and worldwide the Rooter Man mark to indicate the source of its Rooter Man franchises and related plumbing, sewer, and drain cleaning services.

46. A Corp. owns the U.S. trade/service mark registration covering the Rooter Man mark for uses in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services. The registered marks are valid, subsisting and unrevoked. The registration is prima facie evidence of the validity of the Rooter Man mark registrations, A Corp.'s ownership of the mark, and A Corp.'s exclusive right to use, without condition or limitation, the mark in commerce within the United States and worldwide in connection with the sale of Rooter Man franchises and related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees.

47. Defendants' licensed right to use the Rooter Man trademark and logo ended when their Franchise Agreement was terminated in April of 2015 upon their request and A Corp. approval.

48. Defendants' subsequent and unauthorized use of the Rooter Man trademark in advertisements and in their companies' name was without authorization of A Corp. and was associated with plumbing and drain cleaning services, which are in direct competition with A Corp.'s Rooter Man franchises.

49. Defendants' internet advertisement provided a website link leading to the webpage for current A Corp.'s Rooter Man franchise in Queens of New York.

50. Defendants failed to comply with A Corp.s' cease and desist demand.

51. Defendants' conduct constituted willful federal trademark infringement of the Rooter Man mark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

52. As a result of Defendants' willful infringing conduct, A Corp. suffered and is continuing to suffer irreparable injury, such as, without limitation, loss of potential business, capacity to compete in the marketplace, goodwill and reputation in the field.

53. Defendants' intentional infringement of A Corp.'s Rooter Man Marks entitles A Corp. to actual damages, Defendants' profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

54. Given the willful nature of Defendants' infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count I of this Complaint together with interest, costs, and attorney fees.

## COUNT II
### (Federal Trademark Infringement of the Sewer Man Trademark)

55. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-54.

56. Since 1970s and through its affiliate, A Corp. has continuously and in good faith used in commerce within the United States and worldwide the Sewer Man mark to indicate the source of the plumbing, sewer, and drain cleaning services provided by its franchisees and affiliates.

57. A Corp. owns the U.S. trade/service mark registration of the Sewer Man mark for uses in connection with the plumbing, sewer and drain cleaning services. The trademark registration is valid, subsisting and unrevoked. The registration is prima facie evidence of the validity of the Sewer Man mark registration, A Corp.'s ownership of the mark, its exclusive right to use, without condition or limitation, the marks in commerce within the United States in connection with the related plumbing, sewer and drain cleaning services provided by the Rooter Man franchisees and A Corp.'s affiliates.

58. The Franchise Agreement disclosed A Corp.'s ownership of the Sewer Man trademark.

59. Defendants' subsequent and intentional use of the Sewer Man mark was without any authorization of A Corp.

60. Defendants' unauthorized use of the Sewer Man mark was associated with the plumbing, sewer, and drain cleaning services, which is identical to the services provided by A Corp.'s franchises and affiliates and is likely to cause confusion in the market place.

61. Defendants' conduct constituted willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

62. Defendants' willful infringement caused irreparable harm to A Corp. including without limitation loss of revenue and its reputation in the field.

63. Defendants intentional infringement of A Corp.'s Sewer Man mark entitles A Corp. to actual damages, Defendants' profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

64. Given the willful nature of Defendants' infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count II of this Complaint together with interest, costs, and attorney fees.

### Count III
### (False Designations of Origin, False Descriptions)

65. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-64.

66. Defendants' subsequent and intentional use of A Corp.'s federally registered Rooter Man and Sewer Man marks was without consent, permission, license or any other form of authorization of A Corp.

67. Defendants' infringing internet advertisements provide website links leading to the webpage for current A Corp.'s Rooter Man franchise covering Queens of New York, which is contained in A Corp.'s official Rooter Man franchise website.

68. Defendants' above conduct is likely to cause confusion as to any business relationship or affiliation between Defendants and A Corp.

69. As a result of Defendants' violation of A Corp.'s rights to the Rooter Man and Sewer Man marks, A Corp. suffered damages to its business in the form of loss of potential profits, injury to goodwill and reputation in the field, all in amounts which are not yet fully ascertainable. To date and despite ample warning, Defendants refused to cease in the unauthorized and unlawful use of the A Corp.'s marks.

70. Defendants' knowingly unauthorized use of the Rooter Man and Sewer Man marks constituted willfully false designations of origin and federal unfair competition all as prohibited by § 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and in violation of A Corp.'s exclusive right to use the terms of the Rooter Man and Sewer Man marks.

71. Defendants' willful infringement entitles A Corp. to actual damages, Defendants' profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

72. Given the willful nature of Defendants' infringement, A Corp. is entitled to statutory damages in an amount of two (2) million dollars per counterfeit mark afforded by 15 U.S.C. § 1117 (c).

WHEREFORE, A Corp. demands judgment in its favor on Count III of this Complaint together with interest, costs, and attorney fees.

**COUNT IV**
**(Injury to Business Reputation and Trade/Service Mark --Dilution)**

73. A Corp. repeats and realleges the statements set forth in the preceding paragraphs 1-72.

74. A Corp. has at least since 1981 continuously and in good faith used the Rooter Man mark in the interstate commerce in the United States and worldwide in connection with offers of the Rooter Man franchises that provide plumbing, sewer and drain cleaning services. As a consequence of the use of the mark, the Rooter Man mark have become distinctive in the minds of the field, business community, and the public of the reputation of Rooter Man franchises and the quality of the services that Rooter Man name holders provide.

75. Defendants' subsequence and intentional use of A Corp.'s Rooter Man mark in their advertisements in connection of sale of plumbing, sewer and drain cleaning services is commercial in nature and is used in the interstate commerce without A Corp.'s consent or license.

76. Defendants' infringing internet advertisements provide a website link leading to the webpage for current A Corp.'s Rooter Man franchise covering Queens of New York, which is contained in A Corp.'s official Rooter Man franchise website.

77. A Corp. received complaint from its Rooter Man franchisee about Defendants' infringing use of the Rooter Man trademark.

78. Defendants' above conduct diluted the distinctive quality of the A Corp.'s federal trade/service marks, which caused and is continuing to cause A Corp. to suffer irreparable damages as to the value of the marks, potential loss of business, injury to its goodwill and reputation in the field since members of the public may erroneously believe that Defendants are in some associated, endorsed, or affiliated relationship with A Corp.

79. Defendants' subsequent and intentional use of the Rooter Man mark that is confusingly similar if not identical to A Corp.'s Rooter Man Marks constituted willful violation of 15 U.S.C. § 1125(c).

80. Given the fact that Defendants intentionally infringed A Corp.'s Rooter Man mark, A Corp. is entitled to actual damages, Defendants' profits, plus costs, all subject to multiple damages together with a reasonable attorney's fee provided by 15 U.S.C. § 1117 and all other applicable laws.

81. Given the willful nature of Defendants' infringing conduct, A Corp. is entitled to statutory damages in an amount of two (2) million dollars provided by 15 U.S.C. § 1117.

WHEREFORE, A Corp. demands judgment in its favor on Count IV of this Complaint together with interest, costs, and attorney fees.

## COUNT V
### (Breach of Contract)

82. A Corp. repeats and realleges the statements set forth in paragraphs 1-81.

83. Defendants and A Corp. entered into a Franchise Agreement that is valid and enforceable.

84. A Corp. fully performed its contractual obligations.

85. Defendants used A Corp.'s Rooter Man trademark to incorporated AAA Rooter Man LLC and Rooter-Man of NYC, Inc. in violation of the Franchise Agreement § 8.2, which expressly prohibits franchisees from using A Corp.'s trademarks or any similar names in franchisees' corporate name.

86. Defendants used A Corp.'s Sewer Man trademark to incorporated AAA Sewer Man, Inc. in violation of the Franchise Agreement § 8.2, which expressly prohibits franchisees from using A Corp.'s trademarks or any similar names in franchisees' corporate name.

87. Defendants used A Corp.'s Rooter Man and Sewer Man marks to advertise subsequent to termination of their Franchise Agreement in violation of the Franchise Agreement § 16B.

88. Defendants' above conduct constituted breach of contract.

89. As a result of Defendants' above breaching activities, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count V of this Complaint together with interest, costs, and attorney's fees.

## COUNT VI
### (Interference With Contractual Relation)

90. A Corp. repeats and realleges the statements set forth in paragraphs 1-89.

91. Defendants' Franchise Agreement was terminated in April of 2015.

92. A Corp. entered a franchise agreement with S&E Sewer and Drain Corp. for the territory including Queen of New York.

93. Defendants told S&E Sewer and Drain Corp. that they did not have the right to use the Rooter Man trademark in Queen of New York knowing that S&E and Drain was the new Rooter Man franchise.

94. A Corp. is at peril to lose the franchise in Queen of New York as a result of Defendants' above conduct.

95. Defendants' conduct constituted interference of the franchise agreement between A Corp. and S&E and Drain Corp.

96. As a result of Defendants' above activities, A Corp. suffered monetary damages in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count VI of this Complaint together with interest, costs, and attorney's fees.

## COUNT VII
### (Conversion)

97. A Corp. repeats and realleges the statements set forth in paragraphs 1-96.

98. With its consistent use of the Rooter Man name/mark, through its Rooter Man franchisees in the State of New York in the past 20 years, A Corp. has established substantial goodwill associated with the Rooter Man mark in New York.

99. The Franchise Agreement clearly expresses that all goodwill associated with the Trademarks, including the goodwill generated by the Franchisees and all other franchisees while conducting business under the Trademarks, is and shall remain the property of A Corp.

100. Defendants' unauthorized use of A Corp.'s Rooter Man and Sewer Man trademarks was with an attempt to pass off the goodwill associated with A Corp.'s Rooter Man trademarks.

101. Defendants' above conduct constituted conversion that injured A Corp.

102. As a result of the aforedescribed conduct of Defendants converting A Corp.'s properties, Defendants caused damages to A Corp. in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count VII of this Complaint together with interest, costs, and attorney's fees.

## COUNT VIII
### (Unjust Enrichment)

103. A Corp. repeats and realleges the statements set forth in paragraphs 1-102.

104. Defendants and A Corp. entered into a Franchise Agreement that is valid and enforceable.

105. A Corp. fully performed its contractual obligations including without limitation granting Defendants the right to use the Rooter Man brand and providing supportive services including without limitation promoting Defendants' business through A Corp.'s website during the term of the Franchise Agreement.

106. Defendants formed companies using A Corp.'s Rooter Man and Sewer Man name/marks in violation of the Franchise Agreement and refused to stop the unauthorized use of the Rooter Man with an apparent attempt to pass off A Corp.'s goodwill associated with the Rooter Man mark.

107. Defendants were unjustly enriched by its above conduct and caused damages to A Corp.

108. As a result of the aforedescribed conduct of unjust enrichment by Defendants, Defendants caused damages to A Corp. in an amount to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count VIII of this Complaint together with interest, costs, and attorney's fees.

### COUNT XI
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

109. A Corp. repeats and realleges the statements set forth in paragraphs 1-108.

110. As parties to the Franchise Agreement, A Corp. and Defendants owed implied duties of good faith and fair dealing to each other.

111. Defendants had an obligation to act ensure that their act relative to the Franchise Agreement did not contravene the duty of good faith and fair dealing.

112. A Corp. met its duty of good faith and fair dealing to Defendants.

113. Defendants failed to fulfill their duty of good faith and fair dealing by using A Corp.'s Rooter Man and Sewer Man trademarks to incorporate at least three companies in breach of the Franchise Agreement and refused to correct the breach after A Corp.s' cease and desist demands upon multiple occasions.

114. Defendants failed to fulfill their duty of good faith and fair dealing by using A Corp.'s Rooter Man and Sewer Man trademarks in association with their plumbing related services

after their Franchise Agreement was terminated and refused to correct the breach after A Corp.s' cease and desist demands upon multiple occasions.

115. As a result of the aforedescribed conduct of Defendants in breach of the implied covenants of good faith and fair dealing, Defendants caused damages to Plaintiff in an to be determined at trial.

WHEREFORE, A Corp. demands judgment in its favor on Count XI of this Complaint together with interest, costs, and attorney's fees.

## REQUESTS FOR RELIEF

WHERFORE, Plaintiff A Corp. hereby respectfully requests that this honorable Court enter Judgment in its favor as follows:

1. Temporarily restrain, preliminarily and permanently enjoin the Defendants, and their agents, representatives, and assigns from infringing A Corp.'s trademarks by using the Rooter Man and Sewer Man marks to advertise or otherwise.

2. Order the Defendants to be required to account for all gains, profits and advantages derived by the Defendants by their infringement of A Corp.'s trademarks, their unfair and deceptive business practices, their unfair competition, and their unjust enrichment.

3. Enter judgment for A Corp. and against the Defendants on all counts.

4. Award A Corp. its actual, statutory, or any other damages on all counts in amounts to be determined.

5. Award A Corp. multiple damages and reasonable attorney fees provided by applicable statutes.

6. Award A Corp. such other relief as the Court may deem just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

**VERIFICATION**

      I, Donald MacDonald, acting as President and CEO on behalf of A Corp d/b/a ROOTER-MAN, hereby verify that the facts contained in the aforementioned Complaint are true and accurate to the best of my knowledge and belief. Signed under the pains and penalties of perjury this 16th day of March, 2016.


/s/ Donald MacDonald_____
Donald MacDonald
President & CEO
A Corp d/b/a ROOTER MAN


                                              Respectfully Submitted
                                              A Corp d/b/a ROOTER MAN
                                              By its attorney,

                                              /s/ Juan Liu_____
                                              Juan (Jenny) Liu, BBO# 655921
                                              P.O. Box 290
                                              N. Billerica, MA 01862
                                              Tel: (978) 670-0718
                                              Fax: (978) 663-0061
                                              Email: lj@jennyliulaw.com

Date:   March 16, 2016